UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Roanoke Division

CONLEY JAMES DOWELL,  )
                                                                     )
    Plaintiff,  )
                                                  )
v.  )
                                                  )  Civil Action No.:7:20-cv-55
WESTERN VIRGINIA REGIONAL JAIL,  )
CATAWBA HOSPITAL, and  )
ROANOKE MEMORIAL HOSPITAL,  )
                                                  )
    Defendants.  )

**ANSWER**

COMES NOW Roanoke Memorial Hospital ("Roanoke Memorial"), by counsel, and for its Answer to Plaintiff's (*Pro Se*)[1] Complaint, states as follows:

**Parties**

1. The allegations contained in paragraph 1 of the Complaint are not directed at Roanoke Memorial and therefore require no response. To the extent that a response is required, Roanoke Memorial admits the address and telephone number listed for Plaintiff are consistent with Plaintiff's reported contact information documented in his medical records.

2. Roanoke Memorial admits the allegations contained in paragraph 2(c) of the Complaint. The remaining allegations contained in paragraph 2 of the Complaint are not directed at Roanoke Memorial and therefore require no response.

---

[1] Given the fact that the plaintiff is proceeding *pro se*, and the Complaint is not laid out in uniform numbered paragraphs, Roanoke Memorial has done its best to respond to the allegations as presented.

## Jurisdiction

3. Roanoke Memorial denies the allegations contained in paragraph 3 of the Complaint and denies that any of its acts and/or omissions resulted in a violation of the United States Constitution or federal law, creating a basis for Federal Question jurisdiction.

4. Roanoke Memorial denies the allegations contained in paragraph 4 of the Complaint and denies that any of its acts and/or omissions amount to civil rights violations, police brutality, and/or medical malpractice, as alleged, creating a basis for Federal Question.

## Statement of the Claim

5. Roanoke Memorial lacks sufficient knowledge and/or information to admit or deny the allegations concerning Plaintiff's incarceration, including where he was incarcerated, why he was incarcerated, or what occurred during his incarceration, and therefore denies the same.

6. Roanoke Memorial admits that Plaintiff presented to Roanoke Memorial on or around September 18, 2017 for a mental health evaluation and that he was discharged to jail to be transferred to Catawba Hospital for further mental health evaluation and treatment.

7. Roanoke Memorial lacks sufficient knowledge and/or information to admit or deny the allegations concerning Plaintiff's alleged treatment at Catawba Hospital, and therefore denies the same.

8. Roanoke Memorial lacks sufficient knowledge and/or information to admit or deny the allegations concerning Plaintiff's alleged treatment and condition at Central State Hospital, and therefore denies the same.

9. Roanoke Memorial lacks sufficient knowledge and/or information to admit or deny the allegations concerning Plaintiff's alleged transfer back to Western Regional Jail or his alleged treatment and condition at Western Regional Jail, and therefore denies the same.

10. Roanoke Memorial admits that Plaintiff presented to Roanoke Memorial on October 4, 2017 for a mental health examination. Roanoke Memorial denies that Plaintiff's "body was filled with so much gas that they had to suction a little blood out of [his] arm to test it." Plaintiff was discharged to Western Virginia Regional Jail and planned to be transferred to Central State Hospital.

11. Roanoke Memorial lacks sufficient knowledge and/or information to admit or deny the allegations concerning Plaintiff's alleged transfer back to Central State Hospital or his alleged treatment and condition at Central State Hospital, and therefore denies the same.

12. Roanoke Memorial lacks sufficient knowledge and/or information to admit or deny the allegations concerning Plaintiff's alleged transfer back to Western Regional Jail or his alleged treatment and condition at Western Regional Jail, and therefore denies the same.

13. Roanoke Memorial admits that Plaintiff presented to Roanoke Memorial on November 6, 2017 for a mental health evaluation and reported that he had just been released from jail. Plaintiff was discharged home with a safety plan and instructed to follow up with his primary care provider and to return to the emergency department for any new or worsening symptoms.

14. Roanoke Memorial denies that is "covered up" any "conspiracy."

15. All allegations not expressly admitted are hereby denied.

## Request for Relief

16. Roanoke Memorial denies that it owes Plaintiff the amount alleged in the Complaint, or any amount whatsoever.

## Affirmative Defenses

17. Roanoke Memorial denies that the Plaintiff has been denied any rights protected by the United States Constitution or any portion of the United States Code. Plaintiff failed to state a claim upon which relief can be granted.

18. Roanoke Memorial denies that the Court has jurisdiction over any claim which might be construed to state a claim under state law, including the claim of medical malpractice.

19. Roanoke Memorial denies that it was negligent and that it took or failed to take any actions which were a proximate cause of the plaintiff's alleged injuries and damages.

20. Roanoke Memorial denies that it breached any duty allegedly owed to Plaintiff and denies that it is liable to him for any cause in any amount whatsoever.

21. Roanoke Memorial asserts that plaintiff's alleged injuries and damages, if any, were caused by others beyond Roanoke Memorial's control.

22. Roanoke Memorial denies that Plaintiff was injured and/or damaged as alleged and it demands strict proof thereof.

23. Roanoke Memorial asserts that Plaintiff's claims are barred by the applicable statute of limitations.

24. Roanoke Memorial asserts that Plaintiff's claims are barred by the failure to timely complete service, pursuant to Rule 4 of the Federal Rules of Civil Procedure.

5

25.     Roanoke Memorial will rely on any and all other properly available defenses to the Complaint which may arise from the Plaintiff's prosecution of this action and reserves the right to amend this Answer.

WHEREFORE, Roanoke Memorial demands that this cause against it be dismissed and it be awarded its costs.

ROANOKE MEMORIAL HOSPITAL

By: /s/ Paul C. Kuhnel, Esq.
Of Counsel

Paul C. Kuhnel, Esq. (VSB No.28151)
Sarah C. Jessee, Esq. (VSB No.92315)
Lewis Brisbois Bisgaard & Smith
310 1st Street SW, Suite 405
Roanoke, VA 24011
540-266-3200 (telephone)
540-283-0044 (facsimile)
Paul.kuhnel@lewisbrisbois.com
Sarah.jessee@lewisbrisbois.com
***Counsel for Defendant Roanoke Memorial Hospital***

**CERTIFICATE OF SERVICE**

I hereby certify that on this 6th day of July, 2020, a true and correct copy of the foregoing was electronically filed with the Clerk of Court using the CM/ECF system, which will send a notification of such filing to the following:

Conley James Dowell
721 Flamingo Road
Bassett, VA 24055
*Pro Se Plaintiff*

Jim H. Guynn, Jr.
Guynn & Waddell, PC
415 S. College Avenue
Salem, VA 24153
*Counsel for Western Regional Jail*

Karen A. D. Taylor
Office of the Attorney General of Virginia
202 North Ninth Street
Richmond, VA 23219
*Counsel for Catawba Mental Hospital*

/s/ *Paul C. Kuhnel*
Paul C. Kuhnel, Esq. (VSB No.28151)
Lewis Brisbois Bisgaard & Smith
310 1st Street SW, Suite 405
Roanoke, VA 24011
540-266-3200 (telephone)
540-283-0044 (facsimile)
Paul.kuhnel@lewisbrisbois.com
*Counsel for Defendant Roanoke Memorial Hospital*