IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| CONLEY JAMES DOWELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 7:20cv00055 |
| ) | |
| WESTERN REGIONAL JAIL, ) | |
| CATAWBA MENTAL HOSPITAL, ) | |
| and ) | |
| ROANOKE MEMORIAL HOSPITAL, ) | |
| ) | |
| Defendants. ) | |

**DEFENDANT SUED AS WESTERN REGIONAL JAIL'S
MEMORANDUM IN SUPPORT OF MOTION TO DISMISS**

Defendant sued as Western Regional Jail, by counsel, respectfully submits this memorandum in support of its Rule 12(b)(6) motion to dismiss.

ARGUMENT AND AUTHORITY

Western Regional Jail is not a person under 42 U.S.C. § 1983.

In 2011, then Magistrate Judge Lauck of the Eastern District wrote a detailed opinion addressing the question of whether or not a jail is a "person" under 42 U.S.C. § 1983. *Rejuney v. Chesapeake Corr. Ctr.*, 2011 U.S. Dist. LEXIS 69510 (E.D. Va.). Judge Lauck concluded that a jail is not a person. Defendant has drawn liberally from that opinion for this memorandum.

"A motion to dismiss under *Rule 12(b)(6)* tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (*citing* 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded

allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin*, 980 F.2d at 952. This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1950, 173 L. Ed. 2d 868 (2009).

The Federal Rules of Civil Procedure "require[] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (second alteration in original) (*quoting Conley v. Gibson*, 355 U.S. 41, 47, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957)). Plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* at 555 (citations omitted). Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," *id.* (citation omitted), stating a claim that is "plausible on its face," *id.* at 570, rather than merely "conceivable." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949 (*citing Bell Atl. Corp.*, 550 U.S. at 556). Therefore, in order for a claim or complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.L. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (*citing Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)).

The statute under which Plaintiff filed his complaint, 42 U.S.C. § 1983, provides a private right of action against a "person" who, acting under color of state law, deprives another of rights guaranteed by the Constitution or the laws of the United States. 42 U.S.C. § 1983; *see Dowe v. Total Action Against Poverty in Roanoke Valley*, 145 F.3d 653, 658 (4th Cir. 1998) (*citing* 42 U.S.C. § 1983). Plaintiff names Western Regional Jail as a defendant. The Western Regional Jail, however, is not a "person" amenable to suit under 42 U.S.C. § 1983. *Garrett v. Angelone,* No. 00-6475, 2000 U.S. App. LEXIS 22746, 2000 WL 1275318, at *1 (4th Cir. Sept. 8, 2000) (*citing Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70, 109 S. Ct. 2304, 105 L. Ed. 2d 45 (1989)); *McCoy v. Chesapeake Corr. Ctr.*, 788 F. Supp. 890, 892 (E.D. Va. 1992). To the extent Plaintiff seeks to hold Western Regional Jail liable under a theory of vicarious liability, the common-law doctrine of *respondeat superior* does not apply in § 1983 actions. *Monell v. Dep't of Social Servs. of N.Y.,* 436 U.S. 658, 694, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978); *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977).

Accordingly, Western Regional Jail is not a proper defendant in this matter. The jail respectfully asks the Court to sustain its motion to dismiss and grant such other relief as the Court deems appropriate.

DEFENDANT SUED AS
WESTERN REGIONAL JAIL

/s/ Jim H. Guynn, Jr.
Jim H. Guynn, Jr. (VSB #22299)
Guynn, Waddell, Carroll & Lockaby, P.C.
415 S. College Avenue
Salem, Virginia  24153
Phone: 540-387-2320
Fax:    540-389-2350
Email: jimg@guynnwaddell.com
*Attorney for Defendant sued as Western Regional Jail*

# **CERTIFICATE OF SERVICE**

I hereby certify that on this 9th day of July, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to:

Karen A. D. Taylor, Esq.
Office of the Attorney General of Virginia-Richmond
202 North Ninth Street
Richmond, VA 23219
kataylor@oag.state.va.us
*Counsel for Defendant Catawba Mental Hospital*

Paul C. Kuhnel, Esq.
Sarah C. Jessee, Esq.
Lewis Brisbois Bisgaard & Smith
310 151 Street SW, Suite 405
Roanoke, VA 24011
Paul.kuhnel@lewisbrisbois.com
Sarah.jessee@lewisbrisbois.com
*Counsel for Defendant Roanoke Memorial Hospital*

and I further certify that I have mailed by United States Postal Service the document to the following:

Conley James Dowell
721 Flamingo Road
Bassett, VA 24055
*pro se Plaintiff*

/s/ Jim H. Guynn, Jr.
Jim H. Guynn, Jr. (VSB #22299)
Guynn, Waddell, Carroll & Lockaby, P.C.
415 S. College Avenue
Salem, Virginia  24153
Phone: 540-387-2320
Fax:    540-389-2350
Email: jimg@guynnwaddell.com
*Attorney for Defendant sued as Western Regional Jail*

4