IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
Roanoke Division

| | |
|---|---|
| **CONLEY JAMES DOWELL,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 7:20-cv-00055 |
| ) | |
| **CATAWBA MENTAL HOSPITAL, et al.** ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM IN SUPPORT OF DEFENDANT CATAWBA HOSPITAL'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(1) AND 12(b)(6)**

COMES NOW the defendant, Catawba Hospital ("Catawba"),[1] by counsel, and moves this honorable Court to dismiss the Complaint under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure (Fed. R. Civ. P.), on the grounds of lack of subject matter jurisdiction, immunity, failure to file within the statute of limitations, and failure to state a claim against Catawba upon which relief can be granted.

### I. BACKGROUND

Defendant Catawba is a state-owned facility under the control of the Department of Behavioral Health and Developmental Services ("DBHDS") as provided by Virginia Code § 37.2-300 *et seq*.

---

[1] Plaintiff incorrectly names "Catawba Mental Hospital," but the proper name of the facility is "Catawba Hospital." In addition, remaining defendants, "Western Regional Jail" and "Roanoke Memorial Hospital," are not agencies of the Commonwealth. As a result, the Office of the Attorney General does not represent them, and this Motion is filed solely on behalf of Catawba.

Plaintiff Conley James Dowell ("Dowell") was admitted to Catawba from the Western Virginia Regional Jail on September 19, 2017 pursuant to a forensic temporary detention order issued under Virginia Code § 19.2-169.6 by the General District Court of Roanoke County. He was there for less than one day before being transferred to Central State Hospital based on his forensic status and aggressive behaviors.[2] A copy of this order is attached hereto as **Exhibit 1**.

In his Complaint, Dowell speaks only very briefly about Catawba, saying in entirety, "I was transferred [there] for six hours where they gave me six unknown injections. They stated, there's no way you will live through all the shots we gave you. [sic] 'Make your peace with God and go.'" ECF No. 1 at 4-5. His other allegations pertain to other defendants beyond Catawba's control.

## II. PLAINTIFF'S CLAIMS

Dowell's Complaint alleges that defendants committed either a "civil rights violation," "police brutality," or "medical malpractice" against him. *Id.* at 2. He provides no details, however, about any actions taken, or not taken, by Catawba that would amount to any of these things. Although he names "Jane Doe" in paragraph 2 of his Complaint, he does not identify with any particularity who that may be or what any particular individual at Catawba may have done. Based on his captioning of the case, it appears he is naming instead the entity, Catawba Hospital.

In the Complaint, Dowell seeks monetary damages against the defendants in the total amount of $500,000,000.00 (Five-hundred million dollars). *Id.* at 7.

## III. ARGUMENT

---

[2] Central State Hospital ("CSH") is also a state-owned facility under the control of the DBHDS as provided by Virginia Code § 37.2-300 *et seq*. Although Dowell mentions CSH in his Complaint, he does not name it as a defendant. To the extent he had, however, DBHDS would assert the same defenses on its behalf that it does herein for Catawba.

2

For numerous reasons, this action should fail. It is well established that complaints filed by *pro se* plaintiffs are to be liberally construed and held to less stringent standards than formal pleadings drafted by lawyers. *Robinson v. Mawyer*, No. 7:18-CV-00138, 2019 U.S. Dist. LEXIS 27986, at *13 (W.D. Va. Feb. 21, 2019). Although he makes no mention of it, because Catawba is a state entity and Dowell claims "civil rights violations," the most liberal reading is that Dowell intended to file this *pro se* action pursuant to 42 U.S.C. § 1983.[3] Under § 1983, he must establish that he has been deprived of rights guaranteed by the United States Constitution and that such deprivation resulted from conduct committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42 (1988). In addition, under *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), a plaintiff in a § 1983 action "must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal,* 556 U.S. at 676.

Dowell has failed to state any plausible federal claims against defendant Catawba. He has not articulated exactly how his constitutional rights were violated or even which rights he believes were infringed, nor has he provided any facts indicating that Catawba participated in any federal violation. Instead, Dowell's argument seems to consist of only an unsubstantiated assertion that Catawba gave him injections that were "unknown" and told him to make his peace. ECF No. 1 at 4-5.

In addition, even if this were not the case, the Eleventh Amendment protects Catawba, a state-owned hospital, from suit. His claim against Catawba is barred by immunity.

---

[3] Because Catawba is not a law-enforcement entity, it is assumed his claim of "police brutality" is directed at defendant Western Regional Jail. His claim of "medical malpractice" is one more properly brought under state law.

Dowell's claim is also time-barred. By his own admission, the events he complains of occurred in September of 2017. He did not file suit until January 27, 2020, over two years later. Under either state or federal law, this is too late.

Finally, Dowell has failed to state a claim upon which relief can be granted, even giving his Complaint the most liberal reading. Accordingly, the Court should dismiss this action with prejudice.

### A. Standard on a Rule 12(b)(1) Motion to Dismiss.

Rule 12(b)(1) of the Federal Rules of Civil Procedure "permits a party to move to dismiss an action for lack of subject matter jurisdiction." *Allen v. Coll. of William & Mary*, 245 F. Supp. 2d 777, 782 (E.D. Va. 2003). The burden of proving subject matter jurisdiction rests upon the plaintiff. *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982).

One of the ways to present a motion to dismiss for lack of subject matter jurisdiction is for a defendant to assert that a complaint fails to allege facts that support the exercise of subject matter jurisdiction. *Adams*, 697 F.2d at 1219. In this situation, the motion under Rule 12(b)(1) is evaluated using the same standard of review as a Rule 12(b)(6) motion to dismiss for failure to state a claim, and all the facts alleged in the complaint are deemed to be true for purposes of the motion. *Id.*

### B. Standard on a Rule 12(b)(6) Motion to Dismiss.

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for "failure to state a clam upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "The function of a motion to dismiss for failure to state a claim is to test the legal sufficiency of the complaint." *Allen*, 245 F. Supp. 2d at 783. Considering a complaint and its allegations in the light most favorable to the non-moving party, a court must grant a motion to dismiss if a plaintiff fails to

plead "enough facts to state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A plaintiff is required to state facts sufficient to "raise a right to relief above the speculative level," alleging a claim that is "plausible on its face" rather than merely "conceivable." *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S at 678.

Thus, for an action to survive dismissal for a failure to state a claim, a plaintiff "must allege facts sufficient to state all the elements of [his or] her claims." *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (citations omitted). If the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, there has not been a showing that a plaintiff is entitled to relief. *Ashcroft,* 556 U.S. at 678. While a court liberally construes a *pro se* litigant's pleadings to avoid inequity, it is not required to act as a *pro se* litigant's advocate. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). "The court need not ignore a clear failure to allege facts that set forth a cognizable claim, however." *Hammer v. Smith*, Civil Action No. 5:17-cv-00121, 2018 U.S. Dist. LEXIS 80169 at *2 (W.D. Va. May 10, 2018) (citing *Weller v. Dep't of Soc. Services for City of Baltimore*, 901 F.2d 387, 391 (4th Cir. 1990)).

1. **PLAINFIFF HAS FAILED TO STATE A CLAIM SUBJECT TO THE JURISDICTION OF THIS COURT**

"The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. As stated above, Dowell does not allege any federal rights violation with sufficient detail or plausibility to survive a motion to dismiss. "Under the well-pleaded complaint rule, a suit 'arises under' federal law for 28 U.S.C. § 1331 purposes 'only when the Plaintiff's statement of his own cause of action shows that it is based upon [federal law].'" *Vaden v. Discover Bank*, 556 U.S. 49, 50 (2009) (quoting

5

*Louisville & Nashville R.R. Co. v. Mottley*, 211 U.S. 149, 152 (1908)). Dowell has failed to detail any facts to show how Catawba engaged in civil rights violations or to support an allegation of "medical malpractice," which is traditionally a state law claim, much less specify how they are linked to the violation of any federal constitutional or statutory right.

Even liberally construing Dowell's Complaint to infer that he is attempting to allege a violation of Fourteenth Amendment due process does not cure this defect. As discussed by the United States Supreme Court in *Paul v. Davis*, the Fourteenth Amendment does not "*ex proprio vigore* extend to him a right to be free of injury wherever the State may be characterized as the tortfeasor….We have noted the 'constitutional shoals' that confront any attempt to derive from congressional civil rights statutes a body of general federal tort law; a fortiori, the procedural guarantees of the Due Process Clause cannot be the source for such law." 424 U.S. 693, 701 (1976) (internal citations omitted).

None of Dowell's allegations against Catawba show a violation based on rights secured to him by the Fourteenth Amendment or any other provision of the Constitution or federal law. Therefore, this claim should be dismissed because it falls outside of the subject-matter jurisdiction of this Court. *See* Fed. R. Civ. P. 12(b)(1).

### 2. DEFENDANT CATAWBA IS NOT A PROPER PARTY UNDER 42 U.S.C. § 1983 AND IS ENTITLED TO THE PROTECTION OF ELEVENTH AMENDMENT IMMUNITY

To the extent Dowell is attempting to bring suit against Catawba under 42 U.S.C.§ 1983, this is not cognizable. He names as defendant the entity Catawba, a state-owned facility under the control of DBHDS. He fails to name any Catawba employee in either their individual or official capacity, yet he asks the Court to grant him monetary relief. *See* ECF No. 1 at 7. To prevail on a claim under § 1983, a plaintiff must prove (1) that he has been deprived of a right,

6

privilege, or immunity secured by the Constitution or laws of the United States and (2) that the conduct about which he complains was committed by a person acting under color of state law. *Dowe v. Total Action Against Poverty in Roanoke Valley*, 145 F.3d 653, 658 (4th Cir. 1998). Neither a state nor its officials acting in their official capacity are persons for purposes of § 1983. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989).

In addition, the Eleventh Amendment provides that states cannot generally be sued in federal court. "The judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another state or by citizens or subjects of any foreign state." U.S. Const. amend. XI. The United States Supreme Court has interpreted this sovereignty to apply to suits by citizens of the home state as well. *Hans v. Louisiana*, 134 U.S. 1 (1890).

The Eleventh Amendment protects Catawba, a state-owned hospital, from suit. *See Herring v. Cent. State Hosp.*, No. 3:14-cv-738-JAG, 2015 U.S. Dist. LEXIS 99074 at *7 (E.D. Va. July 29, 2015). "State agents and state instrumentalities that act as an arm of the state share the same Eleventh Amendment immunity as the State." *Id.* (quoting *Regents of the Univ. of Cal. v. Doe*, 519 U.S. 425, 429-30 (1997)). "State hospitals are state agencies protected under the Eleventh Amendment." *Id.* (citing *Atascadero State Hosp. v. Scanlon*, 473 U.S. 234, 241, 247 (1985) (stating the Eleventh Amendment barred an action against a state hospital); *Herer v. Burns*, 577 F. Supp. 762, 764 (W.D. Va. 1984) (granting Eleventh Amendment immunity to a mental health facility owned by Virginia)). Therefore, the Eleventh Amendment bars this action, and all claims against Catawba must be dismissed.[4]

---

[4] In addition, Eleventh Amendment immunity extends to state officials who are sued for damages in their official capacity, since such actions merely constitute suits against the state. *See Kentucky v. Graham*, 473 U.S. 159, 165-67 and n.14 (1985) (suit for damages against state officer in official capacity is barred by the Eleventh Amendment);

7

### 3. PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED

Pursuant to Federal Rule of Civil Procedure 12(b)(6), "[t]he function of a motion to dismiss for failure to state a claim is to test the legal sufficiency of the complaint." *Allen,* 245 F. Supp. 2d at 783. While pleadings of *pro se* litigants are liberally construed, Dowell's Complaint fails to set forth any facially plausible claims against Catawba and should therefore be dismissed. The Federal Rules of Civil Procedure require that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp.,* 550 U.S at 555 (2007) (citations and quotations omitted). Expanding upon its decision in *Twombly*, the Supreme Court in *Ashcroft v. Iqbal* explained that "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." 556 U.S. at 662 (citations and quotations omitted).

Two principles underlie this requirement of facial plausibility. First, a court is not required to accept legal conclusions alleged in a complaint as true, and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678. Second, a complaint must state a plausible claim for relief. *Id.* "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint … has not 'show[n]' –'that the pleader is entitled to relief.'" *Id.* (quoting Fed. R. Civ. P. 8(a)(2)). Dowell's detailing of his claim against Catawba in the Complaint amounts to two

---

*Monell v. Dept. of Soc. Servs*., 436 U.S. 658 (1978). To the extent that Dowell intended to bring suit against any of Catawba's employees for monetary damages in their official capacities, they too are immune from suit in this matter.

8

sentences, and the only statement he makes about defendant Catawba is to say it "gave [him] six unknown injections," and warned him that he wouldn't live through it. ECF No. 1 at 4-5.

To the extent Dowell is attempting to bring a 42 U.S.C. § 1983 action against Catawba, it is simply insufficient. "To state a claim under § 1983 one must allege that a defendant (1) acted under color of state law and (2) deprived the plaintiff of a constitutional right, privilege or immunity." *Caldwell v. Green*, 451 F. Supp. 2d 811, 816 (E.D. Va. 2006). Moreover, to prevail in a 42 U.S.C. § 1983 action, a plaintiff must prove that the defendants caused or participated in the alleged deprivation of his constitutional or statutory rights. *See Monell v. Dept. of Soc. Servs.*, 436 U.S. 658, 692 (1978). Dowell has also not provided any information to indicate that Catawba caused or participated in any of the other allegations he makes in his Complaint that allegedly occurred while he was at either Western Regional Jail or Roanoke Memorial Hospital.

To the extent he attempts to make a state law claim as it pertains to Catawba, such claim could not stand alone in the case; there are no plausible federal claims. "Under the well-pleaded complaint rule, a suit 'arises under' federal law for 28 U.S.C. § 1331 purposes 'only when the Plaintiff's statement of his own cause of action shows that it is based upon [federal law].'" *Vaden v. Discover Bank*, 556 U.S. 49, 50 (2009) (quoting *Louisville & Nashville R.R. Co. v. Mottley*, 211 U.S. 149, 152 (1908)). Even if this Court had jurisdiction over such claims, however, they should still be dismissed, as Dowell has failed to comply with the requirements of the Virginia Tort Claims Act, Virginia Code § 8.01-195.1 *et seq.*, and the claim is barred by the doctrine of sovereign immunity. *See Halberstam v. Commonwealth*, 251 Va. 248, 252 (1996). Catawba asks this Court to decline pendant jurisdiction as to any possible state tort law claims and dismiss them.

In short, Dowell has not sufficiently alleged any constitutional violation by Catawba. Dowell has not set forth and cannot prove any set of facts that would entitle him to any relief against Catawba. Accordingly, any claim Dowell is attempting to allege against Catawba must be dismissed. *See Conley v. Gibson*, 355 U.S. 41, 45-46 (1957) (a complaint should be dismissed if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief").

### 4. PLAINTIFF'S COMPLAINT IS TIME-BARRED AND MUST BE DISMISSED

Although failure to abide by the statute of limitations is usually raised as an affirmative defense pursuant to Rule 8(c)(1) of the Federal Rules of Civil Procedure, the statute of limitations may also be raised by a Rule 12(b)(6) motion. *Palo v. Liebig Int'l*, No. 91-2670, 1992 U.S. App. LEXIS 22934, at *3 (4th Cir. Sep. 16, 1992). "Dismissal for failure to act timely, like dismissal for expiration of the statute of limitations, is properly raised by a Rule 12(b)(6), Fed. R. Civ. P., motion to dismiss for failure to state a claim." *Oaxaca v. Roscoe*, 641 F.2d 386, 391 (5th Cir. 1981).

In his Complaint, Dowell does not include a count explicitly alleging violations of his rights pursuant to 42 U.S.C. § 1983. Although it is fair to construe his Complaint in this way as stated above, to the extent he asserts such a claim it is time-barred. "There is no federal statute of limitations for § 1983 claims, so the state limitations period which governs personal injury actions is applied." *Lewis v. Richmond City Police Dep't*, 947 F.3d 733, 735 (4th Cir. 1991) (citing *Wilson v. Garcia*, 471 U.S. 261, 280 (1985), *partially superseded by statute as stated in Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369, 377–80 (2004)). For personal injury claims, Virginia has a two-year statute of limitations. *See* Va. Code § 8.01-243(A). "Although the limitations period for § 1983 actions is borrowed from state law, 'the question of when a cause of

action *accrues* under [ ] § 1983 remains one of federal law.'" *Morgan v. Town of Mineral*, No. 3:11-cv-00065, 2012 U.S. Dist. LEXIS 62439, at *13 (W.D. Va. May 4, 2012) (quoting *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951, 955 (4th Cir. 1995) (en banc)). Such an action accrues "when the plaintiff possesses sufficient facts about the harm done to him that reasonable inquiry will reveal his cause of action." *Id.*

According to Dowell, the events he describes at Catawba took place on September 19, 2017. ECF No. 1 at 4-5. Thus, it was on that date that his cause of action accrued. He filed the instant action on January 27, 2020, more than two years later. *See* ECF No. 1. Therefore, to the extent he is attempting to allege a violation of his civil rights pursuant to 42 U.S.C. § 1983, the suit is time-barred and must be dismissed.

## IV. CONCLUSION

For the reasons stated herein, this Court should dismiss with prejudice Dowell's claims against Catawba on the basis of lack of subject matter jurisdiction, immunity, failure to state a claim against Catawba upon which relief can be granted, and failure to timely file. Catawba respectfully requests that this Court award it such other relief as the Court deems appropriate.

Respectfully submitted,

CATAWBA HOSPITAL
(VIRGINIA DEPARTMENT OF
BEHAVIORAL HEALTH AND
DEVELOPMENTAL SERVICES)

By:     */s/ Karen A. Taylor*
       Karen A. Taylor, VSB# 43978
       Attorney for Defendant Catawba
       Hospital
       Office of the Virginia Attorney General

                                                Health Services Section
                                                202 North 9th Street
                                                Richmond, Virginia 23219
                                                (804) 225-3219
                                                (804) 371-8718 (fax)
                                                kataylor@oag.state.va.us

The Honorable Mark R. Herring
Attorney General of Virginia

Keonna C. Austin
Deputy Attorney General

Allyson K. Tysinger
Senior Assistant Attorney General

Karen A. Taylor*
Senior Assistant Attorney General
Virginia State Bar No. 43978
202 North 9th Street
Richmond, Virginia 23219
(804) 225-3219
(804) 371-8718 (fax)
kataylor@oag.state.va.us

*Counsel of Record for Catawba Hospital

## CERTIFICATE OF SERVICE

I hereby certify that on this 10th day of July, 2020, I electronically filed the foregoing MEMORANDUM IN SUPPORT OF DEFENDANT CATAWBA HOSPITAL'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(1) AND 12(b)(6) with the Clerk of Court using the CM/ECF System, and I hereby certify that I mailed the document by U.S. mail, first class, postage prepaid, to the following non-filing user: Mr. Conley James Dowell, *pro se*, 721 Flamingo Road, Bassett, Virginia 24055 this 10th day of July, 2020.

By:   */s/ Karen A. Taylor*
Karen A. Taylor, VSB# 43978
Attorney for Defendant Catawba Hospital
Office of the Attorney General
Health Services Section
202 North 9th Street
Richmond, Virginia 23219
(804) 225-3219
(804) 371-8718 (fax)
kataylor@oag.state.va.us