IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

CONLEY JAMES DOWELL,                    )
                                        )
        Plaintiff,                      )
                                        )          Civil Action No. 7:20CV00055
                                        )
v.                                      )
                                        )          **MEMORANDUM OPINION**
                                        )
WESTERN VIRGINIA REGIONAL JAIL,         )
CATAWBA MENTAL HOSPITAL, and            )          By: Hon. Glen E. Conrad
ROANOKE MEMORIAL HOSPITAL,              )          Senior United States District Judge
                                        )
        Defendants.                     )

        Plaintiff Conley James Dowell, proceeding pro se, has filed the present action against

defendants Western Virginia Regional Jail, Catawba Hospital, and Roanoke Memorial Hospital.

Western Virginia Regional Jail and Catawba Hospital have filed motions to dismiss the action, and

Roanoke Memorial Hospital has moved for summary judgment.  For the following reasons, the

court will grant the motions to dismiss and grant Roanoke Memorial Hospital's motion for

summary judgment.

                                    **Background**

        The court construes the following factual allegations from Dowell's complaint as true for

purposes of the motions to dismiss.  Hall v. DIRECTV, LLC, 846 F.3d 757, 765 (4th Cir. 2017)

("When ruling on a motion to dismiss, courts must accept as true all of the factual allegations

contained in the complaint and draw all reasonable inferences in favor of the plaintiff.").

        Dowell alleges that while incarcerated at the Western Virginia Regional Jail in 2017 he

was poisoned with barium.  Compl., ECF No. 1, at 4.  He sought treatment at Roanoke Memorial

Hospital and was transferred to Catawba Hospital on September 19, 2017.  Id.  Dowell maintains

that Catawba Hospital "gave [him] six unknown injections" and warned that Dowell could not

"live through all the shots . . . ." Id. at 4–5. Dowell alleges that he then woke up at Central State Hospital and stayed there "approximately three weeks where they continued blowing Barium salt in [his] face waking [him] up at night." Id. at 5.

Dowell asserts that he was subsequently transferred back to Western Virginia Regional Jail, where he was stripped naked, forced to sleep without a mattress on concrete, and withheld access to water. Id. He alleges that he was then encouraged to drink "some water that was laced with something" and suffered various health impairments as a result, but was not taken "back to the hospital for two more days." Id. Dowell also asserts that his jail cell at Western Virginia Regional Jail was filled with gas, causing him to again receive treatment at Roanoke Memorial Hospital. Id. at 6. Dowell contends that he stayed at Roanoke Memorial Hospital for approximately twelve hours before being sent to Central State Hospital, where he stayed approximately two weeks before returning to Western Virginia Regional Jail. Id.

Finally, Dowell asserts that after his release from Western Virginia Regional Jail he returned to Roanoke Memorial Hospital for additional treatment but was transferred to the "mental ward of the hospital again to cover up this conspiracy." Id. He seeks $500,000,000 in damages "for pain/suffering and mental abuse." Id. at 7.

**Procedural History**

Dowell filed his complaint on January 27, 2020. ECF No. 1. Roanoke Memorial Hospital filed an answer on July 6, 2020. ECF No. 8. On July 9, 2020, Western Virginia Regional Jail filed a motion to dismiss for (1) lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) and (2) failure to state a claim pursuant to Rule 12(b)(6). ECF No. 11. Catawba Hospital filed its own motion to dismiss for failure to state a claim on July 10, 2020. ECF No. 15. Finally,

on December 3, 2020, Roanoke Memorial Hospital moved for summary judgment under Rule 56. ECF No. 20.  All motions are now ripe for review.

## Standard of Review

The court first notes that pro se pleadings are to be construed liberally.  See, e.g., Erickson v. Pardus, 551 U.S. 89, 94 (2007).  However, as with all plaintiffs, a pro se plaintiff must "demonstrate more than a sheer possibility that a defendant has acted unlawfully," and "articulate facts that, when accepted as true, demonstrate he has stated a claim entitling him to relief." Hodge v. Gansler, 547 F. App'x 209, 210 (4th Cir. 2013) (quotation marks omitted).

### A.  Motion to Dismiss for Lack of Subject Matter Jurisdiction

A party may move to dismiss for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1).  A defendant may challenge subject matter jurisdiction by one of two ways: facially or factually.  Beck v. McDonald, 848 F.3d 262, 270 (4th Cir. 2017).  A facial challenge asserts "that a complaint simply fails to allege facts upon which subject matter jurisdiction can be based."  Id. (quoting Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982)). "Accordingly, the plaintiff is afforded the same procedural protection as [he] would receive under a Rule 12(b)(6) consideration, wherein the facts alleged in the complaint are taken as true, and the defendant's challenge must be denied if the complaint alleges sufficient facts to invoke subject matter jurisdiction."  Id. (internal quotation marks and citation omitted).

### B.  Motion to Dismiss for Failure to State a Claim

Federal Rule of Civil Procedure 12(b)(6) permits a party to move to dismiss a complaint for failure to state a claim upon which relief can be granted.  When deciding a motion to dismiss under this rule, the court must accept as true all well-pleaded allegations and draw all reasonable factual inferences in the plaintiff's favor.  Erickson v. Pardus, 551 U.S. 89, 94 (2007).  "While a

complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citation and quotation marks omitted). To survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570).

Moreover, "[a]lthough a motion pursuant to Rule 12(b)(6) invites an inquiry into the legal sufficiency of the complaint, not an analysis of potential defenses to the claims set forth therein, dismissal nevertheless is appropriate when the face of the complaint clearly reveals the existence of a meritorious affirmative defense." Brooks v. City of Winston-Salem, 85 F.3d 178, 181 (4th Cir. 1996). The statute of limitations is one such affirmative defense. See Jones v. Bock, 549 U.S. 199, 215 (2007) ("A complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show the plaintiff is not entitled to relief. If the allegations, for example, show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal . . . .").

### C. Motion for Summary Judgment

Finally, a motion for summary judgment should be granted when there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). For a party's evidence to raise a genuine issue of material fact to avoid summary judgment, it must be "such that a reasonable jury could return a verdict for the non-moving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The court must view the facts and the reasonable inferences to be drawn from the facts in the light most favorable to non-movant. Id. at 255.

**Discussion**

Although Dowell does not specify the legal basis for his cause of action, because his complaint cites "civil rights violation, police brutality, [and] medical malpractice," the court will construe his claims as arising under 42 U.S.C. § 1983 and Virginia medical malpractice law.  To state a claim for relief under § 1983, a plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."  West v. Atkins, 487 U.S. 42, 48 (1988) (citation omitted).  To state a claim for medical malpractice in Virginia, "a plaintiff must establish not only that a defendant violated the applicable standard of care, and therefore was negligent, the plaintiff must also sustain the burden of showing that the negligent acts constituted a proximate cause of the injury or death."  Bitar v. Rahman, 630 S.E.2d 319, 323 (Va. 2006) (quoting Bryan v. Burt, 486 S.E.2d 536, 539–40 (Va. 1997)).

**I.      Western Virginia Regional Jail's and Catawba Hospital's Motions to Dismiss**

In its motion to dismiss, Western Virginia Regional Jail asserts it is not a "person" subject to liability under 42 U.S.C. § 1983.  ECF No. 13 at 1.  Catawba Hospital similarly contends it is not a proper party under § 1983 and argues that (1) the court lacks subject matter jurisdiction to adjudicate the matter because Eleventh Amendment immunity bars Dowell's suit against it, (2) the complaint "fails to set forth any facially plausible claims against Catawba," and (3) the complaint is time-barred.  ECF No. 16 at 6–10.  For the following reasons, the court agrees that the complaint fails to state a claim against both defendants.

As a preliminary matter, the court notes that the complaint is time-barred against all defendants and must therefore be dismissed.  As stated previously, the court will assume that Dowell's claims arise under 42 U.S.C. § 1983 and Virginia medical malpractice law.  "Because

'there is no federal statute of limitations for § 1983 claims, the state limitations period which governs personal injury actions is applied.'" Wyatt v. Owens, 317 F.R.D. 535, 539 (W.D. Va. 2016) (Moon, J.) (quoting Lewis v. Richmond City Police Dep't, 947 F.2d 733, 735 (4th Cir. 1991)) (internal quotation marks, citation, and alterations omitted).  In Virginia, a plaintiff must generally bring a personal injury claim within two years of the date that the cause of action accrues. DePaola v. Clarke, 884 F.3d 481, 486 (4th Cir. 2018) (citing Va. Code § 8.01-243(A)).  "It is well established that a § 1983 claim accrues when plaintiff knows enough about the harm done to [him] to bring the lawsuit."  Rountree v. Clarke, No. 7:20CV000220, 2016 WL 324491, at *2 (W.D. Va. Jan. 26, 2016) (Conrad, C.J.).

Here, Dowell's January 27, 2020, complaint alleges that Dowell was transferred to Catawba Hospital on September 19, 2017, and then transferred back to Western Virginia Regional Jail "around three weeks later."  Compl. at 4–5.  The complaint then alleges that Dowell was not taken to the hospital "for two more days," and that upon arriving at Roanoke Memorial Hospital, Dowell "stayed there for about 12 hours."  Id. at 5–6.  The complaint finally contends that Dowell was then "sent back to Central State Hospital," where he stayed "for about two weeks" before going back to Western Virginia Regional Jail and then again to Roanoke Memorial Hospital.  Id. at 6.  Dowell's claims—all of which he alleges occurred in 2017—therefore fall outside the two-year statue of limitations and cannot survive the motions to dismiss.

Moreover, the court notes that even if Dowell's claims were timely, they would still fail to state a claim for a variety of reasons.  First, Western Virginia Regional Jail is not a "person" subject to liability under § 1983.  Both this court and the United States District Court for the Eastern District of Virginia have held that jails are not subject to suit under § 1983.  See, e.g., Painter v. Blue Ridge Reg'l. Jail Auth., No. 6:17-CV-00034, 2017 WL 3725993, at *5 (W.D. Va. Aug. 29,

2017) (Moon, J.) ("The Court holds that [Blue Ridge Regional Jail Authority] is not subject to suit under § 1983 because it is an arm of the Commonwealth of Virginia."); Dammones v. Lynchburg Adult Det. Ctr., No. 7:12-CV-00515, 2012 WL 6566684, at *1 (W.D. Va. Dec. 17, 2012) (Urbanski, J.) ("Neither the Jail nor a group of persons, like the Blue Ridge Regional Jail Authorities, is a 'person' subject to 42 U.S.C. § 1983."); McCoy v. Chesapeake Corr. Ctr., 788 F. Supp. 890, 891–92 (E.D. Va. 1992) (finding that "the level of state involvement in the regulation and administration of local jails in Virginia indicates that the local jails are arms of the state for Eleventh Amendment purposes and thus not 'persons' under § 1983"). Western Virginia Regional Jail is thus not subject to suit under § 1983.

Second, the court lacks subject matter jurisdiction over Dowell's claims against Catawba Hospital because they are barred by Eleventh Amendment immunity. The court notes that Catawba Hospital is a public medical facility controlled and operated by the Virginia Department of Behavioral Health and Developmental Services.[1] A state-owned hospital "is an arm of the state entitled to Eleventh Amendment immunity." Pauler v. Western State Hosp., No. 5:19-cv-00025, 2020 WL 572728, at *2 (W.D. Va. Feb. 5, 2020) (Dillon, J.); see also Herring v. Cent. State Hosp., No. 3:14-cv-738-JAG, 2015 WL 4624563, at *3 (E.D. Va. July 29, 2015) ("The Eleventh Amendment protects CSH, a state-owned hospital, from suit.") (citing Regents of the Univ. of Cal. v. Doe, 519 U.S. 425, 429–30 (1997)). The court therefore lacks subject matter jurisdiction to adjudicate Dowell's claim against Catawba Hospital. See Cunningham v. Gen. Dynamics Info. Tech., Inc., 888 F.3d 640, 649 (4th Cir. 2018) (holding that sovereign immunity is a jurisdictional bar); Pauler, 2020 WL 572728, at *2 (dismissing claims brought against state-owned hospital for

---

[1] See https://catawba.dbhds.virginia.gov/. Federal courts "routinely take judicial notice of information contained on state and federal government websites." United States v. Garcia, 855 F.3d 615, 621 (4th Cir. 2017).

lack of subject matter jurisdiction after finding the hospital was entitled to Eleventh Amendment immunity).

## II.     Roanoke Memorial Hospital's Motion for Summary Judgment

In its motion for summary judgment, Roanoke Memorial Hospital asserts that the complaint is time-barred.  ECF No. 21 at 4.  As stated previously, the court agrees that the complaint is untimely and barred by Virginia's two-year statute of limitations for personal injury actions.  The court will therefore grant Roanoke Memorial Hospital's motion for summary judgment.

## Conclusion

For the reasons stated, the court will **GRANT** Western Virginia Regional Jail's and Catawba Hospital's motions to dismiss (ECF Nos. 12 & 15).  All claims against Western Virginia Regional Jail and Catawba Hospital shall be **DISMISSED WITH PREJUDICE.**  Roanoke Memorial Hospital's motion for summary judgment is **GRANTED**.

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to all counsel of record.

DATED: This __25th__ day of February, 2021.

_____
Senior United States District Judge